UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES P. MAGUIRE,

                      Plaintiff,

      -against-

JOANNE B. BARNHART, Commissioner of
Social Security,

                      Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 05-2905 (DRH)(WDW)

**WILLIAM D. WALL, United States Magistrate Judge:**

      Before the court is plaintiff's counsel's motion for attorneys' fees pursuant to 42 U.S.C. §406(b)(1), Docket Entry ("DE") [21], which has been referred to the undersigned by District Judge Denis Hurley for report and recommendation. The defendant Commissioner of Social Security "does not object to the request" as indicated by letter submitted to the court. DE [23]. It is respectfully recommended that the motion be granted, and that plaintiff's counsel be awarded $29,017.08 in attorneys' fees.

**BACKGROUND**

      Plaintiff James Maguire entered into a contingency agreement with counsel Charles E. Binder of Binder and Binder, P.C. that provided counsel would receive 25% of any retroactive Social Security disability benefits awarded to plaintiff as a result of counsel's efforts. After plaintiff's initial application for disability benefits was denied by an Administrative Law Judge, he appealed to this court. Judge Hurley vacated the decision and remanded the case to the ALJ for further proceedings. Based on the successful appeal, plaintiff sought and was awarded attorneys' fees under the Equal Access to Justice Act ("EAJA") in the amount of $6,023.30.

On remand, the ALJ found plaintiff to be disabled under the meaning of the Social Security Act and he was awarded past due benefits. As any award of attorneys' fees is payable directly from plaintiff's past due benefits award, the SSA has withheld 25% of the past due benefits awarded, or $35,040.38, as anticipated attorneys' fees. Plaintiff's counsel now seeks the court's approval of his attorneys' fees in the amount of $29,017.08, or 25% of the past due benefits awarded, minus the $6,023.30 previously awarded under the EAJA.

## DISCUSSION

The Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total past benefits due. . ." 42 U.S.C. §406(b)(1). The fee is payable "out of, and not in addition to, the amount of past-due benefits." *Id.* at §406(b)(1)(a). The prior award of fees under the EAJA does not prevent an award under the Social Security Act as "[f]ee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (quoting Act of Aug. 5, 1985, Publ. L. 99-80, §3, 99 Stat. 186). In this case, plaintiff's counsel seeks an award of 25% of plaintiff's past due benefits minus the amount of the EAJA award.

In determining an appropriate fee, the court must look first to the contingent fee agreement, then test for reasonableness. *Gisbrecht,* 535 U.S. at 808.[1] While the court should give deference to the intent of the parties in entering into a contingency agreement, "it ought not

---

[1] The Supreme Court has specifically rejected the use of a "lodestar" method for calculating attorneys' fees under §406 (b). *Gisbrecht,* 535 U.S. at 799.

2

blindly approve every fee request made pursuant to a contingent agreement." *Wells v. Sullivan ("Wells II"),* 907 F.2d 367, 372 (2d Cir. 1990). In determining reasonableness, the Second Circuit has indicated that the court should determine whether the contingency percentage is within the 25% cap established by law, "whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Id.* (citations omitted).

The undersigned has reviewed the application and finds the fee request to be reasonable. The contingency agreement is for attorneys' fees equaling 25% of past due benefits and thus does not exceed the statutory maximum. There has been no suggestion by the defendant Commissioner that there was overreaching or fraud by counsel, nor is there any evidence to support such a suggestion. Moreover, plaintiff wrote a letter, submitted with this application, restating his support for the contingency agreement and expressing his pleasure "with the attention and the quality of work that Mr. Binder has provided." *See* Ltr., Ex. B., DE [21].

The court also finds that the fee request does not constitute a windfall to the attorney, despite the "hourly rate" to which the requested award would work out. "[C]ounsel should not be penalized for working efficiently on the case as compared to other attorneys who might have taken longer to perform the same work and whose corresponding hourly rate would be lower due to their lack of experience and productivity." *Maier v. Apfel,* 1998 WL 401536, at *2 (S.D.N.Y. July 17, 1998). Nor should counsel be penalized for his success as reflected in the size of the past due benefits awarded. Accordingly, the undersigned recommends that the motion be granted and that plaintiff's counsel be awarded a total of $29,017.08 in attorneys' fees. The remaining $6,023.30 withheld by the Commissioner should be released directly to plaintiff.

3

## OBJECTIONS

A copy of this Report and Recommendation is being sent to the parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       January 5, 2009

                                                    /s/ William D. Wall
                                                    WILLIAM D. WALL
                                                  United States Magistrate Judge